UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TULLEY ARCHITECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEANNIE SHIN, et al., <br><br> Defendants. | Case No. 21-cv-00619-AGT <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 13 |

The Court agrees with defendant Shin that plaintiff prematurely filed its copyright-infringement claim and that the claim isn't currently ripe for review. Before plaintiff may sue for infringement, the U.S. Copyright Office must either register or preregister the copyright at issue. *See* 17 U.S.C. § 411(a); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887–88, 892 (2019); *id* at 887 (noting that "registration is akin to an administrative exhaustion requirement"). Neither of these events has occurred, and plaintiff admits that it is still "awaiting registration." Compl. ¶ 1; *accord* Opp'n, ECF No. 16 at 8. As plaintiff's infringement claim cannot currently proceed, the Court grants Shin's motion to dismiss it. Plaintiff may seek leave to amend its complaint to replead the infringement claim if registration or preregistration is obtained.

Plaintiff's complaint also includes a number of state-law claims that arise out of the same course of conduct as the infringement claim. Shin has moved to dismiss these claims as well. She has also moved to strike a demand for punitive damages associated with one or more of the state-law claims. Having determined that the infringement claim cannot move forward at this time, the Court declines to exercise supplemental jurisdiction over the state-law claims. If the infringement claim later becomes viable, plaintiff may replead the state-law claims. Shin may then reassert her arguments for dismissal of those claims and her request to strike the demand for punitive damages.

**IT IS SO ORDERED.**

Dated: March 11, 2021

ALEX G. TSE <br>
United States Magistrate Judge