UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TULLEY ARCHITECT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEANNIE SHIN,<br><br>Defendant. | Case No. 21-cv-00619-AGT<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 20 |

Jennifer Tulley, through her architectural firm, seeks damages from former client Jeannie Shin based on claims of copyright infringement, fraud, an account stated, and quantum meruit. The Court previously granted Shin's motion to dismiss Tulley's complaint after concluding that her copyright claim wasn't ripe: Tulley had yet to register the architectural plans that she drew for Shin (which form the basis for her copyright claim) with the U.S. Copyright Office. The Court declined to exercise supplemental jurisdiction over the state-law claims. Tulley then registered her work—ripening her copyright claim—and amended her complaint. Shin has now moved to dismiss in part and to strike in part the amended complaint. Shin seeks to dismiss the state-law claims, but not the copyright claim, and to dismiss or strike Tulley's prayers for attorneys' fees and punitive damages. Shin's motion to dismiss will be granted in part. Her motion to strike will be denied.

**I.  ALLEGATIONS**

In evaluating Shin's motion to dismiss, the Court accepts Tulley's factual allegations as true. *See McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 886–87 (9th Cir. 2020).

In the fall of 2019, Tulley provided Shin with a written proposal to redesign portions of Shin's San Francisco-based home. The proposal detailed the scope of work, identified Tulley's hourly rate, and called for an initial $5,000 retainer. *See* FAC ¶¶ 14–15 & Ex. 2. Shin paid the retainer and told Tulley to start working on the design. Tulley asked Shin to sign the proposal first. Shin, during an in-person meeting, told Tulley that she had signed the proposal but had forgotten to

bring it with her. Tulley then commenced work on the plans without a signed agreement in hand. She did so in reliance on Shin's representation that she had signed the agreement, and also in reliance on Shin's payment of the retainer and on Shin's status as both a member of the California Bar and a partner of a major national and international law firm. *See* FAC ¶¶ 2, 16, 42.

Tulley billed Shin on a monthly basis. Shin paid for two months of work, November 2019 and December 2020, but then at least as early as April 15, 2020, she began complaining about costs and refused to pay further invoices. *See* FAC ¶¶ 20, 22 & Ex. 4. When Tulley issued a final notice of the amount past due, on September 8, 2020, Shin replied, on November 30, 2020, by revealing that she had never signed Tulley's proposal, and by insisting that she wasn't obligated to pay for Tulley's work. *See* FAC ¶¶ 22, 41 & Exs. 3, 7. Shin in the meantime, on or about August 17, 2020, had taken Tulley's plans to a different architect. This architect used Tulley's plans to seek city approval for the proposed renovations to Shin's home. *See* FAC ¶¶ 23–27, 32–33.

Tulley contends that Shin committed copyright infringement when she copied and shared Tulley's plans with the new architect. Tulley also alleges that Shin still owes her close to $40,000 for the work she did. *See* FAC ¶ 46. Tulley registered her plans with the U.S. Copyright Office in March 2021, with an effective date of January 12, 2021. *See* FAC ¶ 4.

## II. PENDING MOTIONS

A.  <u>Account-Stated Claim</u>

Shin has moved to dismiss Tulley's three state-law claims. The Court begins with the account-stated claim, which Shin correctly asserts isn't plausibly supported by Tulley's allegations. The account-stated claim requires proof of an agreement between the parties, express or implied, on an amount due. *See Pro. Collection Consultants v. Lauron*, 8 Cal. App. 5th 958, 968 (2017). It's clear from the complaint that the parties don't (and didn't) agree on such an amount. Indeed, their relationship appears to have broken down precisely because they disagreed on what was owed. Tulley argues that Shin effectively agreed on the amount due because she didn't respond to Tulley's final past-due notice for close to three months after receiving it. *See* Opp'n, Dkt. 21 at 8. But five months before that notice, Shin had started a dialogue with Tulley to discuss what Shin believed were Tulley's excessive fees. Shin also never agreed in writing to Tulley's fee structure. Given

these allegations, it's not plausible that there was an express or implied agreement between Tulley and Shin on the amount due. The account-stated claim will be dismissed as a result.

B. Fraud Claim

Shin also argues that Tulley hasn't plausibly alleged (i) a material misrepresentation, (ii) damages, or (iii) reasonable reliance, all of which are necessary elements of her fraud claim. *See Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014). Here, the Court disagrees. The misrepresentation in question—that Shin had signed Tulley's proposal—was plausibly material and damaging because it induced Tulley to alter her position to her detriment. *See Tucker v. Pac. Bell Mobile Servs.*, 208 Cal. App. 4th 201, 223 (2012). It persuaded Tulley to start working on architectural plans for Shin's benefit and to incur costs in doing so, costs that Shin hasn't covered.

A jury could also conclude that when Tulley started to work on Shin's plans, she did so in reasonable reliance on Shin's oral representation that she had signed Tulley's proposal. Shin, after all, had paid Tulley's retainer, suggesting that she was performing under the agreement. Shin was also an established lawyer in a prominent law firm, which could have led Tulley to believe that Shin would be unlikely to lie about executing a contract. A jury could infer from these facts, if proven, that Tulley had legitimate reasons for relying on Shin's oral promise.

Shin, in arguing otherwise, notes that architects have a professional obligation to use "a written contract" when they provide professional services. Cal. Bus. & Prof. Code § 5536.22(a). And given that obligation, Shin contends that Tulley acted unreasonably in starting work without obtaining a signed agreement. A jury may agree. But at this stage, it would be premature to conclude, as a matter of law, that Tulley's reliance was unreasonable. Reliance is almost always an issue of fact; it can be resolved as a matter of law only when reasonable minds can come to just one conclusion. *See Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1666 (2005). Here, when all inferences are drawn in Tulley's favor, as must be done on a motion to dismiss, *see McShannock*, 976 F.3d at 886–87, more than one conclusion is tenable. Tulley has alleged enough to satisfy the pleading standards governing her fraud claim. *See* Fed. R. Civ. P. 8(a)(2), 9(b).

C. Preemption Defense

Shin next argues that Tulley's fraud and quantum-meruit claims are preempted by the

3

Copyright Act. A state-law claim is preempted by the Act when, among other things, it is used to enforce "any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 301(a). These "exclusive rights" are the rights "to display, perform, reproduce, or distribute copies of a copyrighted work, to authorize others to do those things, and to prepare derivative works based upon the copyrighted work." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017) (citing 17 U.S.C. § 106).

With one possible exception, *see infra* note 1, Tulley's fraud and quantum-meruit claims don't attempt to enforce any of these exclusive rights. Her fraud claim centers on whether she was misled into preparing architectural plans for Shin, based on a representation that led her to believe that Shin would pay in full for the plans. Her quantum-meruit claim is similar: it is based on whether Shin made an explicit or implicit request to Tulley to perform services, and on whether Shin benefited from those services without paying for them. *See* FAC ¶¶ 49–55; *Port Med. Wellness, Inc. v. Conn. Gen. Life Ins.*, 24 Cal. App. 5th 153, 180 (2018) (discussing the elements of a quantum-meruit claim). As neither claim turns on whether Shin displayed, performed, reproduced, distributed, or adapted Tulley's architectural plans, neither claim is preempted.

This conclusion is bolstered by two Ninth Circuit decisions. In *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772 (9th Cir. 1989), a producer sued the author of a fitness book for fraud (among other state-law claims), alleging that the author had orally agreed to give the producer the exclusive right to adapt the book to video but had then allowed a third party to produce the video instead. The district court held that the producer's fraud claim was preempted by the Copyright Act, but the Ninth Circuit reversed. It reasoned that the fraud claim was "not substantially equivalent to a claim for copyright infringement" because it was based on the author's promise to perform under the parties' oral agreement. *Id.* at 776. The "element of misrepresentation" distinguished the fraud claim from one "based on copyright." *Id.*

In *Grosso v. Miramax Film Corp.*, 383 F.3d 965 (9th Cir. 2004), an individual sued a film company for breach of an implied contract. The individual alleged that the company had promised—but failed—to compensate him for using his ideas in a film it released. The district court held that the claim was preempted by the Copyright Act, but the Ninth Circuit again reversed. It

4

reasoned that the claim didn't turn upon the existence or infringement of a copyrighted work, "but upon the implied promise to pay the reasonable value of the material disclosed." *Id.* at 968 (simplified). This implied promise was "an extra element" that "transform[ed] the action from one arising under the ambit of the federal [copyright] statute to one sounding in contract." *Id.*

Tulley's fraud claim is comparable to the fraud claim in *Pinckney*, and her quantum-meruit claim is analogous to the implied-contract claim in *Grosso*. As in both those cases, her claims turn on a comparison between what the defendant promised to do and what the defendant did in fact do. That promise constitutes the "extra element" that qualitatively distinguishes these claims from one for copyright infringement. *Grosso*, 383 F.3d at 968. Tulley's fraud and quantum-meruit claims are not preempted by the Copyright Act.[1]

D.   <u>Attorneys' Fees</u>

Shin next argues that Tulley's prayer for attorneys' fees should be dismissed because it lacks a legal basis. The Court agrees. The only statute Tulley cites that could conceivably support an award of attorneys' fees is the Copyright Act. But by the Act's terms, Tulley wouldn't qualify for a fee award even if judgment were entered in her favor. The Copyright Act makes clear that even if the owner of a copyrighted work prevails in an infringement action, she cannot obtain an award of attorneys' fees if the work in question was unpublished and unregistered at the time of infringement. *See* 17 U.S.C. § 412(1). This limitation, which aims "to provide copyright owners with an incentive to register their copyrights promptly," *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008), applies here. Tulley didn't register her architectural plans with the Copyright Office until almost five months after Shin's alleged infringement; and Tulley hasn't suggested that her plans were published prior to infringement. Tulley does argue that Shin should be estopped from relying on § 412(1) because Shin, as alleged, misled Tulley into believing that she

---

[1] Tulley does allege an alternative theory of fraud: that Shin committed fraud when she misrepresented to her new architect that she had the right to use Tulley's plans. *See* FAC ¶ 43. This theory relates to Shin's right (or lack thereof) to reproduce and distribute copies of Tulley's copyrighted work, which gets close to (if not over) the preemption line. The parties, however, haven't discussed this alternative theory in any detail in their briefing, so the Court won't definitively consider at this time whether it is preempted. If Tulley pursues this alternative theory, Shin may raise a preemption defense on summary judgment.

had signed the latter's agreement. *See* Opp'n, Dkt. 21 at 11–12. But no legal basis for this estoppel argument has been cited, nor is the Court aware of one. The text of the Copyright Act controls and makes clear that an award of fees is unavailable here.

Shin alternatively moves to strike Tulley's prayer for fees. Only "an insufficient defense," or "redundant, immaterial, impertinent, or scandalous matter" can be stricken from the complaint. Fed. R. Civ. P. 12(f). A legally baseless prayer for attorneys' fees doesn't fit within any of these categories. *Cf. Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (holding that "Rule 12(f) does not authorize district courts to strike claims for [consequential] damages" because such claims similarly don't fit within any of these categories). Shin's motion to dismiss Tulley's prayer for fees will be granted but her motion to strike will be denied. *Cf. Daly v. United Healthcare Ins.*, 2010 WL 4510911, at *7–8 (N.D. Cal. Nov. 1, 2010) (Koh, J.) (converting a motion to strike a prayer for attorneys' fees into a motion to dismiss, and granting the motion because the prayer wasn't supported by law).

E.   Punitive Damages

Lastly, Shin moves to dismiss or strike Tulley's prayer for punitive damages, arguing that this prayer also lacks a legal basis. The Court concludes otherwise. A plaintiff in California can recover punitive damages if she proves by clear and convincing evidence that the defendant committed fraud. *See* Cal. Civ. Code § 3294(a). Despite Shin's objections, Tulley's fraud claim will be moving forward. So too, then, will Tulley's prayer for punitive damages.

### III. CONCLUSION

Shin's motion to dismiss Tulley's account-stated claim and prayer for attorneys' fees is granted. Shin's motion to dismiss Tulley's fraud and quantum-meruit claims and prayer for punitive damages is denied. Shin's motion to strike is denied. Tulley may amend her complaint by September 8, 2021.

**IT IS SO ORDERED.**

Dated: August 18, 2021

ALEX G. TSE
United States Magistrate Judge