UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TULLEY ARCHITECT, INC., <br>          Plaintiff, <br>     v. <br>JEANNIE SHIN, <br>          Defendant. | Case No. 21-cv-00619-AGT <br><br>**ORDER ON PENDING MOTIONS** <br>Re: Dkt. Nos. 53, 55, 58, 66 |

    1. Jeannie Shin's request for leave to amend her pleadings, in order to assert counterclaims against Jennifer Tulley Architect, Inc. (JTA), and third-party claims against Jennifer Tulley and TEF Architecture and Interior Design, Inc. (dkt. 53), is granted. Shin timely moved for leave to amend after she identified new evidence during discovery, and her claims aren't clearly futile. JTA, meanwhile, hasn't established that Shin is acting in bad faith or that JTA will be prejudiced if the new claims prolong the litigation.

    In the spirit of compromise, JTA previously agreed to dismiss a fraud claim against Shin, without prejudice. *See* Dkt. 35. Now that Shin is raising the stakes by asserting her own fraud claim against JTA, the Court will allow JTA to retract the prior dismissal. JTA may do so by filing an amended complaint, on or before October 25, 2022, with the fraud claim against Shin included. If JTA amends the complaint, Shin must timely amend her answer.

    2. JTA's request for leave to file a belated opposition to Shin's motion to amend her pleadings (dkt. 55) is granted. The Court considered JTA's opposition in ruling on Shin's motion.

    3. Shin's motion for sanctions (dkt. 58) is denied. Shin correctly notes that JTA violated ADR Local Rule 7-4 by filing on ECF emails in which JTA and Shin discussed their settlement conference. But those emails didn't reveal much; they didn't "go to the core of settlement

discussions between the parties, their counsel, and the Settlement Judge." Dkt. 67 at 5. JTA also promptly acted to lock the emails on ECF. The Court won't sanction JTA, but JTA must redouble its efforts to comply with all Court rules.

    4. The settlement-related emails were temporarily locked on ECF. JTA now asks the Court "to remove the incorrectly filed documents permanently from the Court's public docket and ECF." Dkt. 66 at 2. Once documents are filed on ECF, they can't be removed, but the Clerk of the Court can permanently seal incorrectly filed documents. The Court directs the Clerk to take this latter step: to permanently seal the documents at issue (dkt. 56-1, dkt. 60).

**IT IS SO ORDERED.**

Dated: October 17, 2022

_____
Alex G. Tse
United States Magistrate Judge